RECEIVED

JAN 10 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of Illinois |
|---|---|
| Name *(under which you were convicted)*: Robert Franklin Lippstock | Docket or Case No.: 0862 2:22CR01029-001 |
| Place of Confinement: Marion USP | Prisoner No.: 17961-510 |
| UNITED STATES OF AMERICA | V. Movant *(include name under which convicted)* Robert Franklin Lippstock |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
United States District Court Northern District of Iowa
111 Seventh Avenue SE
Cedar Rapids, IA 52401

(b) Criminal docket or case number (if you know): 0862 2:22CR01029-001

2. (a) Date of the judgment of conviction (if you know): 08/17/2022
(b) Date of sentencing: 02/13/2023

3. Length of sentence: 300 months

4. Nature of crime (all counts):
Receipt of Child Pornography
Possession of Child Pornography

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☐ No ☐

9. If you did appeal, answer the following:

(a) Name of court: ____

(b) Docket or case number (if you know): ____

(c) Result: ____

(d) Date of result (if you know): ____

(e) Citation to the case (if you know): ____

(f) Grounds raised:

Sufficiency of the the evidence

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): ____

(2) Result: ____

(3) Date of result (if you know): ____

(4) Citation to the case (if you know): ____

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ____

(2) Docket or case number (if you know): ____

(3) Date of filing (if you know): ____

(4) Nature of the proceeding: ____

(5) Grounds raised: ____

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel. Plea aggreement invalid.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant is legally incapable of signing legal documents due to diminished mental capacity. Defendant's mother Michelle M. Lippstock is his legal guardian. Ms. Lippstock did not sign nor was she present during plea negotiations. Defendant's counsel was aware that defendant has an IQ of 69. Defendants diagnosis of mild mental retardation makes him legally incompetent to make legal decisions for himself. Defendants guardian should have been present during plea negotiations and her signature must have been obtained to make the plea agreement legal. If the defendant cannot make day to day decisions for himself, he is certainly not mentally capable of making a plea agreement. The guardian would have advocated for a lesser sentence such as the mandatory minimum. Additonal prison time will not contribute to rehabilitation.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______

**GROUND TWO:** ______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

　　(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

**GROUND THREE:** ______

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

______

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

________________________________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

________________________________________

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

________________________________________

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

________________________________________

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Renegotiate plea agreement with guardian's signature for mandatory minimum

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ______________________.
(month, date, year)

Executed (signed) on ______________________ (date)

Michelle M Lippstock Robert Lippstock

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Michelle M. Lippstock is movant's mother and legal guardian. Guardianship is appointed to Ms. Lippstock due to movant's diagnosis of mild mental retardation. Guardianship was appointed to Ms. Lippstock on May 26, 2009.

Ms. Lippstock,

I hope this letter finds you well. Bobby has asked me to assist him in filing his 2255 motion. I have agreed to do so because the guy who originally agreed to help him has been transferred to another institution. That being said, we have very little time to turn in his 2255 motion. The argument is that Bobby was denied effective counsel because his attorney allowed him to sign a plea agreement. As his guardian, you should have been the one to sign the agreement. It seems to make sense that if he cannot make legal decisions for himself in day to day matters he surely couldn't make competent legal decisions. I hope and pray you will be given an opportunity to renegotiate a plea agreement to get a reduced sentence such as the mandatory minimum. However, be aware he could be resentenced to more time. I sincerely doubt that would happen but I want to make you aware of that possibility. Let me clarify, I am not a lawyer. However, from the limited legal knowledge I have, Bobby appears to have a valid claim that could be beneficial to him. If it were me, I would consult an attorney experienced in post conviction relief. If you choose to move forward with this petition, mail 3 copies of the petition to the circuit clerk at

Clerk, U.S. District Court
111 Seventh Avenue SE, Box 12
Cedar Rapids, IA 52401-2101

before February 5th 2024. If you do not sign and mail in 3 copies of the petition on or before that date, the court can reject the petition. Once that happens, he will have no 2255 claims. I pray for the success of this 2255 motion and that you and your son will be together sooner than you have been expecting.

Sincerely,

A friend

SEAL-IT MAIL & SHIP
FOR YOUR POSTAL NEEDS

Cedar Rapids IA 524
TUE 09 JAN 2024 PM

Michelle Murphy
353 Klingenburg Ter
Dubuque Ia 52001

1-9
CW

Clerk, U.S. District Court
111 Seventh Avenue SE, Box 12
Cedar Rapids, IA 524-2101

XRAYED US MARSHALS SERVICE

SELF-SEALING BUBBLE MAILER
PORTFOLIO • 9 IN x 12 IN (22.8 CM x 30.4 CM)

MAILING